**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CAMERON STRASSER,**

                            **Plaintiff,**

              v.                                                9:10-CV-141
                                                                       (FJS/DEP)

**STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,
COMMISSIONER BRIAN FISCHER, CORRECTIONAL
OFFICER ROBAR, CORRECTIONAL OFFICER
SMITH, CORRECTIONAL OFFICER FLUMAN,
NEW YORK STATE OFFICE OF THE INSPECTOR
GENERAL, STATE INSPECTOR GENERAL JOSEPH
FISCH, INVESTIGATOR GENERAL A. MISERCOLA,
NEW YORK STATE POLICE DEPARTMENT, and
SUPERINTENDENT HARRY J. CORBITT, all in their
individual and official capacities,**

                            **Defendants.**

_____

**APPEARANCES**                                   **OF COUNSEL**

**OFFICE OF CHRISTINA A. AGOLA, PLLC**    **CHRISTINA A. AGOLA, ESQ.**
1415 Monroe Avenue
Brighton, New York 14618
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK STATE**         **CHRISTOPHER W. HALL, AAG**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Cameron Strasser, a New York State prison inmate, commenced this civil rights action due to Defendants' allegedly unlawful conduct during the course of his confinement. In his complaint, Plaintiff alleged that, while he was in the custody of the New York State Department of Correctional Services ("DOCS"),[1] a prison guard sexually assaulted him. Plaintiff further alleged that prison employees harassed him after he reported the incident by, among other things, issuing an unwarranted misbehavior report against him. This misbehavior report and the ensuing disciplinary hearing resulted in a lengthy sentence of disciplinary confinement and the loss of two years of good-time credits.

Plaintiff's complaint sets forth five causes of action pursuant to 42 U.S.C. § 1983, alleging (1) the excessive use of force; (2) Eighth Amendment violations stemming from the excessive use of force and his subsequent disciplinary confinement; (3) procedural due process violations and unlawful retaliation arising out of his disciplinary confinement; (4) substantive due process violations; and (5) *Monell* liability against the various state defendants.

On June 4, 2010, Defendants filed a pre-answer motion for summary judgment seeking dismissal of Plaintiff's complaint in its entirety.[2] In a Report and Recommendation dated December 17, 2010, Magistrate Judge Peebles recommended that the Court grant in part and

---

[1] DOCS has since changed its name to the New York State Department of Corrections and Community Supervision.

[2] Magistrate Judge Peebles stated that Defendants moved for summary judgment seeking dismissal of only four of Plaintiff's five claims. *See* Dkt. No. 33, Report and Recommendation, at 7. However, Defendants' moving papers sought dismissal of the complaint in its entirety. *See* Dkt. No. 26.

deny in part Defendants' motion for summary judgment. *See* Dkt. No. 33, Report and Recommendation, at 38. Magistrate Judge Peebles recommended that the Court (1) limit Plaintiff's first and fourth causes of action to claims surrounding Plaintiff's allegation of sexual abuse against Defendant Robar, (2) dismiss Plaintiff's second cause of action as duplicative, (3) conditionally dismiss Plaintiff's third cause of action,[3] (4) dismiss all claims against Defendants New York State, DOCS, the New York State Office of the Inspector General ("OIG"), the New York State Police Department, and all claims against the individual Defendants in their official capacities,[4] and (5) dismiss Defendant Correctional Officer Fluman from this action.

As to Plaintiff's first, second, and fourth causes of action, Defendants asserted that Plaintiff failed to exhaust all available administrative remedies as the Prisoner Litigation Reform Act of 1996 ("PLRA") requires. Magistrate Judge Peebles recommended that the Court deny Defendants' motion on this ground because "special circumstances" existed that defeated Defendants' exhaustion-of-administrative-remedies defense. Defendants objected to this particular recommendation only; Plaintiff did not file any objections. *See* Dkt. No. 34.

Currently before the Court are Magistrate Judge Peebles' December 17, 2010 Report and Recommendation and Defendants' objections thereto.

---

[3] Magistrate Judge Peebles recommended that the Court dismiss Plaintiff's third cause of action unless he submitted to the Court within fourteen days of the date of the Report and Recommendation a written statement that he was willing to forego any potential claim arising out of the Tier III hearing determination that might affect the length of his incarceration. Plaintiff failed to submit any such paperwork to the Court.

[4] This would effectively dismiss Plaintiff's fifth cause of action for *Monell* liability against the various state defendants in its entirety.

## II. BACKGROUND[5]

At all relevant times, Plaintiff has been incarcerated at the Franklin Correctional Facility, followed by the Bare Hill Correctional Facility, and finally at the Southport Correctional Facility. Plaintiff alleges that on June 9, 2009, Defendant Correctional Officer Robar ("Defendant Robar"), a corrections officer at the Franklin Correctional Facility, sexually assaulted him. Plaintiff reported the incident the next day to his teacher, and the OIG and the New York State Police commenced an investigation into the matter. Following this investigation, Plaintiff was accused of fabricating the assault; and, as a result, a Tier III disciplinary hearing was conducted against Plaintiff. Plaintiff was ultimately found guilty and was sentenced to thirty months of disciplinary Special Housing Unit ("SHU") confinement and a recommended two-year loss of good-time credits. This Tier III hearing determination was affirmed on appeal on September 9, 2009, and Plaintiff's subsequent request for reconsideration was denied.

## III. DISCUSSION

**A.    Standard of review**

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view all facts, draw all inferences, and resolve all ambiguities in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted). The burden is initially on the moving party to demonstrate the absence of a genuine issue of material

---

[5] The Court has relied on Magistrate Judge Peebles' recitation of the facts to which the parties have not raised any objections.

fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586 (citations omitted).

"When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quotation and footnote omitted). Where no objection is made to a portion of a magistrate judge's report-recommendation, the court reviews that portion for "clear error." *See id.* (citations omitted). After completing the appropriate review, "the Court may 'accept, reject, or modify, in whole or in part,'" the magistrate judge's findings and recommendations. *Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

**B.    Plaintiff's third cause of action**

Plaintiff's third cause of action apparently arises out of two disciplinary hearings against him: a Tier III hearing and a Tier II hearing. Since the parties filed no objections to Magistrate Judge Peebles' recommendations as to this claim, the Court reviews these recommendations for clear error only. *See Trombley*, 2011 WL 5881781, at *2 (citation omitted).

*1. Procedural due process claim: Tier III hearing*

The first disciplinary hearing at issue was a Tier III hearing on July 9, 2009, based on a

misbehavior report stemming from Plaintiff's allegedly false sexual assault allegations in which he was found guilty and received a lengthy sentence of SHU confinement and the loss of two years of good-time credits.  This hearing determination was affirmed on appeal.

The Second Circuit differentiates between prisoner-plaintiff challenges to disciplinary penalties imposed that affect only the *conditions* of a prisoner's confinement and those that affect the overall *length* of his confinement — the latter requiring a prisoner-plaintiff to show as a threshold matter that the disciplinary sentence was reversed or invalidated.  *See Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006) (citations omitted).  Sanctions that include the loss of good-time credits toward release, as here, affect the length of confinement.  *See McNair v. Sgt. Jones*, No. 01 Civ. 3253, 2002 WL 31082948, *11 (S.D.N.Y. Sept. 18, 2002) (citations omitted).  However, if the prisoner abandons the length-of-confinement aspect of his claim, his § 1983 procedural due process claim may go forward with respect to the conditions of his confinement.  *See Peralta*, 467 F.3d at 105.

In his Report and Recommendation, Magistrate Judge Peebles concluded that, because the hearing sentence imposed on Plaintiff included the loss of good-time credits and Plaintiff had not abandoned the length-of-confinement aspect of his claim, his procedural due process claim was barred unless and until that occurred.  *See* Report and Recommendation at 32-33.

Since Plaintiff failed to submit any written statement indicating that he was willing to forego any potential claim arising out of the Tier III hearing determination that might affect the length of his incarceration, the Court accepts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's third cause of action as it relates to the Tier III hearing.

### *2. Procedural due process claim: Tier II hearing*

Plaintiff's challenge to the second hearing relates to a misbehavior report that Defendant Fluman issued in October of 2009 against Plaintiff. Although Plaintiff was initially found guilty at the Tier II hearing, this determination was reversed on appeal.

Magistrate Judge Peebles found that, since "a period of keeplock or SHU confinement of thirty days or less does not rise to a constitutionally significant level," *see* Report and Recommendation at 35 (citing *Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 248 (S.D.N.Y. 1998) (quotation omitted)), and Plaintiff's "complaint does not reveal whether he served any time in disciplinary confinement as a result of the Tier II hearing prior to administrative reversal," Plaintiff has "failed to establish the deprivation of a cognizable liberty interest sufficient to trigger due process protections with respect to his Tier II hearing." *See id.* at 35.

For the reasons Magistrate Judge Peebles stated in his Report and Recommendation, the Court accepts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's third cause of action as it relates to the Tier II hearing.[6]

### C.     **Plaintiff's fifth cause of action for *Monell* liability against the state entities**

Plaintiff's fifth cause of action asserts a claim for *Monell* liability against Defendants New

---

[6] In addition, as to Defendant Fluman, who allegedly authored what Plaintiff claims to have been a false misbehavior report, "[t]here is no cognizable claim, under the Eighth Amendment or otherwise, based solely upon the issuance of a false misbehavior report." *See* Report and Recommendation at 36 (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 2986), *cert. denied*, 485 U.S. 982 (1988)). Accordingly, this being the only allegation against Defendant Fluman, the Court accepts Magistrate Judge Peebles' recommendation and dismisses Defendant Fluman from this action.

York State, DOCS, OIG, and the New York State Police.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  Again, since the parties filed no objections regarding Magistrate Judge Peebles' recommendation as to this claim, the Court reviews it for clear error only.  *See Trombley*, 2011 WL 5881781, at *2 (citation omitted).

In his Report and Recommendation, Magistrate Judge Peebles found that "*Monell* dealt with claims against local municipalities not covered by the Eleventh Amendment, as distinct from a state and its agencies," *see* Report and Recommendation at 28 (citing *Fox v. Poole*, No. 06-CV-148, 2008 WL 1867939, *7 (W.D.N.Y. Apr. 24, 2008)); and, thus, *Monell* "provides no basis to permit plaintiff to assert claims against the state or its agencies, and all such claims should therefore be dismissed."  *See id.*

Plaintiff clearly cannot maintain a *Monell* claim against the state and entities of the state because the Eleventh Amendment protects such entities from suit.  Accordingly, the Court accepts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's fifth cause of action.[7]

---

[7] Magistrate Judge Peebles further recommended that, "to the extent that plaintiff has named the various individual defendants in their official capacities, his damage claims are also subject to dismissal since, in reality, they are damages claims [against] the State of New York." *See* Report and Recommendation at 28 (citing *Daisernia v. State of New York*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984)).  The Court accepts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to all of Plaintiff's claims against the individual Defendants in their official capacities.

**D.     Exhaustion of administrative remedies as to Plaintiff's first, second, and fourth causes of action**[8]

The PLRA requires a prisoner to exhaust all available administrative remedies prior to bringing a civil rights action in federal court. *See* 42 U.S.C. § 1997e(a); *see Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (citations omitted). New York state prisons follow a three-step Inmate Grievance Procedure ("IGP"): first, an inmate must file a grievance with the facility's Inmate Grievance Review Committee ("IGRC") within twenty-one days of the incident; second, an inmate may appeal the IGRC's decision to the facility's superintendent; third, the inmate may appeal to the Central Office Review Committee ("CORC"). *See Thompson v. Bellevue Hosp.*, No. 9:09-CV-01038, 2011 WL 4369132, *10-*11 (N.D.N.Y. Aug. 29, 2011) (citations omitted). To exhaust his administrative remedies properly, a prisoner must follow each of these steps to completion prior to commencing litigation. *See id.* at 11 (citation omitted).

In this case, Magistrate Judge Peebles found that the record established that Plaintiff did not file any actionable grievances related to the events giving rise to his claims while housed at any of the three correctional facilities at issue nor did he file any grievance appeals with the CORC.[9] *See* Report and Recommendation at 22-23. The Court accepts Magistrate Judge Peebles' finding that Plaintiff did not exhaust his administrative remedies because he failed to file any actionable grievances at any of the three prisons where he resided; and, further, he did not

---

[8] Since Defendants have objected to this portion of Magistrate Judge Peebles' Report and Recommendation, the Court subjects those recommendations to *de novo* review. *See Trombley*, 2011 WL 5881781, at *2 (citation omitted).

[9] Magistrate Judge Peebles acknowledged that Plaintiff had filed a related grievance while at the Southport Correctional Facility; however, that grievance was rejected as being almost ten months late. *See* Report and Recommendation at 22-23.

pursue the available remedies to completion.

However, even where a prisoner has failed to exhaust his administrative remedies, as here, the Second Circuit has crafted a three-step inquiry to determine whether a court may excuse the failure to exhaust. *See Macias*, 495 F.3d at 41 (quotation omitted). The Court must ask the following sequence of questions: (1) whether the administrative remedies were, in fact, available to the prisoner; (2) if those remedies were available, whether the defendants forfeited their non-exhaustion defense by failing to raise or preserve it or whether they may be estopped from raising this defense if their own actions inhibited the prisoner's ability to exhaust available remedies; and, finally, (3) whether "special circumstances" have been plausibly alleged that justify the prisoner's failure to exhaust. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (citations omitted).[10]

In this case, the Court finds that the first two inquiries favor Defendants because (1) an administrative remedy was available to Plaintiff and (2) Defendants are not equitably estopped from asserting an exhaustion defense because the record does not indicate that they engaged in conduct that hindered Plaintiff's ability to pursue his administrative remedies.[11] *See Thompson*,

---

[10] The Second Circuit has not yet decided whether the *Hemphill* analysis has survived the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81 (2006), which crafted this three-part test. *See Thompson*, 2011 WL 4369132, at *11 n.12 (citation omitted). Even so, as Magistrate Judge Peebles did, the Court shall operate under the assumption that this exception still applies. *See* Report and Recommendation at 24-25; *see also Murray v. Palmer*, No. 9:03-CV-1010, 2010 WL 1235591, *3 n.7 (N.D.N.Y. Mar. 31, 2010).

[11] Plaintiff does allege that, after Defendant Robar sexually assaulted him, Defendant Robar threatened him at knife-point that he would spend the rest of his life in jail if he did not keep quiet about the incident. These alleged threats and Plaintiff's alleged fear about reporting the incident could present facts tending to show that an administrative remedy was effectively unavailable or that Defendants should be precluded from raising such a defense. *See Snyder v.*
(continued...)

2011 WL 4369132, at *12 (citations omitted).  Under the "special circumstances" exception to exhaustion, however, Magistrate Judge Peebles recommended that the Court find that special circumstances excused the exhaustion requirement.  *See* Report and Recommendation at 26.

Special circumstances may excuse an inmate from exhausting his administrative remedies where circumstances "might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way."  *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004).  Findings of special circumstances include where a plaintiff acted pursuant to a reasonable but mistaken interpretation of unclear regulations.  *See Winston v. Woodward*, No. 05 Civ. 3385, 2008 WL 2263191, *10 (S.D.N.Y. May 30, 2008).  More specifically, such circumstances may exist where,

> (1) the inmate reasonably believed that his "only available remedy" was to raise his claim as part of a tier disciplinary hearing, *and* . . .
> (2) the inmate articulated and pursued his claim in the disciplinary proceeding in a manner that afforded prison officials the time and opportunity to thoroughly investigate that claim. . . .

*Murray v. Palmer*, No. 9:03-CV-1010, 2010 WL 1235591, *3 (N.D.N.Y. Mar. 31, 2010) (internal footnotes omitted).

Magistrate Judge Peebles recommended that the Court find special circumstances excusing the exhaustion requirement.  *See* Report and Recommendation at 26.  As to the first prong of *Murray*, Magistrate Judge Peebles found that "there [was] nothing in the record to

---

[11](...continued)
*Whittier*, 428 Fed. Appx. 89, 91-92 (2d Cir. 2011). However, Plaintiff admittedly reported the incident the following day to his teacher, a disciplinary proceeding ensued surrounding these allegations, and Plaintiff ultimately did attempt to file a grievance about this incident. Accordingly, the Court finds that the facts here do not create a material issue of fact about whether Defendant Robar's alleged threats made the filing of a formal grievance effectively unavailable nor that Defendants should otherwise be estopped from raising an exhaustion defense.  *See id.*

reflect [P]laintiff's reasonable belief that he had no alternative but to pursue the matters set forth in this complaint through the disciplinary hearing process and could not file a grievance regarding the matter." *See id.* at 25. Indeed, the fact that Plaintiff ultimately did file a grievance regarding his alleged assault (which was ultimately rejected as untimely) goes against such a finding. Notwithstanding his recognition that Plaintiff did not meet the first prong of the *Murray* analysis, Magistrate Judge Peebles nonetheless found that Plaintiff had alleged special circumstances that justified his failure to exhaust because the second prong weighed heavily in favor of a finding of special circumstances.

The Court disagrees with Magistrate Judge Peebles' ultimate conclusion. As Magistrate Judge Peebles correctly stated, Plaintiff must meet **both** prongs of the *Murray* analysis to satisfy the special circumstances exception. Having rightly concluded that Plaintiff had not come forward with any evidence that would suggest that he reasonably believed that he could not file a grievance about his alleged assault, and thus could not meet the requirements of the first prong of the *Murray* analysis, Magistrate Judge Peebles did not need to address the second prong. Moreover, even assuming that Plaintiff had raised an issue of fact regarding the second prong of the *Murray* analysis, his failure to meet the first prong is fatal to Plaintiff's argument that special circumstances exist that would excuse his failure to exhaust his administrative remedies.

For these reasons, the Court finds that no "special circumstances" justify Plaintiff's failure to comply with the administrative exhaustion requirements; and, thus, the Court rejects Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's first, second, and fourth causes of action because Plaintiff

failed to exhaust his administrative remedies in accordance with the PLRA.[12]

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ACCEPTED in part** and **REJECTED in part**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**.

Dated: January 26, 2012
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[12] For the reasons Magistrate Judge Peebles provided, the Court could also dismiss Plaintiff's second cause of action for Eighth Amendment violations stemming from the use of excessive force and his subsequent disciplinary confinement as duplicative of Plaintiff's first and third causes of action. *See* Report and Recommendation at 29-31.